FILED
2018 MAR 29 PM 2:48
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| STATE OF FLORIDA, by and through the FLORIDA DEPARTMENT OF EDUCATION, DIVISION OF BLIND SERVICES,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA, by and through the HONORABLE JAMES N. MATTIS, SECRETARY OF DEFENSE, MARK T. ESPER, SECRETARY OF THE ARMY, and BRIAN J. WILLIAMS, CONTRACTING OFFICER, FLORIDA NATIONAL GUARD,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § §  Civil Action No. 3:18-cv-422-J-34PDB |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, the State of Florida, by and through the Florida Department of Education Division of Blind Services ("Florida") submits this Verified Complaint for Injunctive Relief seeking to enjoin Defendant, the United States of America, by and through the Honorable James N. Mattis, Secretary of Defense, the Honorable Mark T. Esper, Secretary of the Army, and Brian J. Williams, Contracting Officer, Florida National Guard, from terminating Contract No. W911YN-15-D-0001, concerning full food service operations in the dining facility located in Building 3410, Camp Blanding Joint Training Center (the "Contract") until such time as the arbitration proceeding initiated by Florida pursuant to the Randolph-Sheppard Act, 20 U.S.C. §§ 107 *et seq.* (the "Act") is concluded. In support of this complaint, Florida respectfully states the following:

## I.   PARTIES

1.   Plaintiff, Florida Department of Education, Division of Blind Services ("Florida") is a Florida state agency and the State Licensing Agency ("SLA") under the Randolph-Sheppard Act, 20 U.S.C. §§ 107 *et seq.* and the Act's implementing regulations.

2.   Defendant, the United States of America (the "Government") is acting by and through the Honorable James N. Mattis, Secretary of Defense, and the Honorable Mark T. Esper, Secretary of the Army.  Secretaries Mattis and Esper are acting by and through, Mr. Brian J. Williams, the Contracting Officer assigned to the Contract and the Solicitation.  Secretaries Mattis and Esper may be served by the service of a copy of the Summons in the instant complaint upon the United States Attorney General at Washington, District of Columbia, via certified mail, and delivering same to the United States Attorney for the Middle District of Florida.

## II.   JURISDICTION AND VENUE

3.   Jurisdiction is proper in this court under 28 U.S.C. §§ 1331 (arising from the Randolph-Sheppard Vending Facility Act, 20 U.S.C. §§ 107 *et seq.*) and 1346 and 5 U.S.C. § 107 *et seq.* (Judicial review of Federal Agency Action).

4.   Although Florida has initiated an arbitration proceeding against the United States, pursuant to the Act, this arbitration does not act as a bar to this Court's jurisdiction over the narrow issues presented in this complaint.  See *Kentucky v. United States, ex rel. Hagel*, 759 F.3d 588, 579-98 (6th Cir. 2014) (finding that completing arbitration under the Act is not a jurisdictional prerequisite to preserving the status quo pending the outcome of the arbitration). Additionally, failure to exhaust the Act's administrative process before the filing of this complaint is also not a jurisdictional prerequisite either.  *Id.* at 599-600.

5.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to this action occurred at Camp Blanding, Florida, which is in this division.

### III.   NATURE OF THE CASE

6.   The Act was passed by Congress to provide blind persons with gainful employment and to enlarge their economic opportunities.[1]  In order to further these objectives, the Act requires that the Secretary of Education shall prescribe regulations designed to assure that wherever feasible, one or more vending facilities operated by licensed blind managers are established on all federal property to the extent that such facilities would not adversely affect the interests of the government.[2]

7.   Cafeterias and other food service contracts at military dining facilities are vending facilities subject to the Act,[3] and pursuant to the Act, Florida secured the 5 year Contract which began on September 1, 2015.  At that time, the dining facility in Building 3410 provided the majority of meals to the individuals supporting and participating in Garrison and Field Training Operations at Camp Blanding.

8.   By Memorandum dated February 16, 2018, the Government notified Florida that the Contract was being terminated for the "Government's convenience" no later than March 31, 2018, unless otherwise coordinated.  A true and correct copy is attached hereto as Exhibit A.

9.   On information and belief, the number of meals served after the termination will be greatly reduced, and most of the meals will now be provided by a Conference Center Restaurant and Mess America Food Truck Operation located on Camp Blanding.  The operators of these other facilities are not blind vendors under the Randolph-Sheppard Program and Florida

---

[1] 20 U.S.C. § 107(a).
[2] *Id.* at § 107(b).
[3] *Id.* at § 107e(7).

was not given an opportunity after notice of the termination of its contract to compete for the new dining facility arrangements at Camp Blanding.

10. This termination for convenience is in violation of the Act. The Act provides that any limitation on the operation of a Randolph-Sheppard dining facility based on a finding that such placement or operation would adversely affect the interests of the Government shall be fully justified in writing to the Secretary of Education who shall determine whether such limitation is justified.[4]

11. Despite the requirements of the Act, the Government is completely eliminating the operation of a Randolph-Sheppard dining facility for its convenience without fully justifying in writing to the Secretary of Education the need for such drastic action.

12. Since the justification has not been made to the Secretary of Education, the Secretary of Education has not determined that the elimination of the dining facility opportunities at Camp Blanding are justified.

13. The Act also provides that if Florida determines that the Government is failing to comply with the provisions of the Act, Florida may file a complaint with the Secretary of Education.[5] On March 14, 2018, Florida filed such a complaint that the Government was failing to comply with the provisions of the Act and its regulations by eliminating an operation of a vending facility on Camp Blanding without fully justifying this elimination in writing to the Secretary of Education for her determination as to whether such elimination is justified. A true and correct copy of the complaint is attached hereto as <u>Exhibit B</u>.

---

[4] *Id.* at § 107(b).
[5] *Id.* at § 107d-1(b)

14. Unless this Court enjoins the Government from terminating this Randolph-Sheppard opportunity until the arbitration proceeding is concluded, Florida will be irreparably harmed.

## IV. FACTUAL BACKGROUND

### A. Framework of the Randolph-Sheppard Act.

15. The Randolph-Sheppard Vending Facility Act, 20 U.S.C. §§ 107 *et seq.* was passed by Congress to provide blind persons with gainful employment and to enlarge their economic opportunities. In order to further these objectives, the Act mandates that food service and dining facility contracts on Federal property give priority to blind vendors. The United States Department of Education is the federal agency charged with implementing the Act and ensuring that all executive agencies comply with same.

16. Under the Act, each state has a State Licensing Agency, or "SLA," appointed to establish vending facility programs for the blind, including training and licensing qualified vendors to manage cafeteria operation services on Federal property. The Florida Department of Education is the SLA for Florida.

17. The Act and its implementing regulations provide that these food service contracts are between the SLA and the Government[6] and are managed by a licensed blind manager of the SLA.

18. Florida was properly awarded the 5 year contract at Camp Blanding on September 1, 2015. The Licensed Blind Manager assigned to this Contract is Edward Spence.

### B. Contract History.

19. Florida has been performing the Contract at Camp Blanding since September 1, 2015. At that time, the dining facility in Building 3410 provided the majority of meals to the

---

[6] 34 C.F.R. § 395.33(b)

individuals supporting and participating in Garrison and Field Training Operations at Camp Blanding.

20. By Memorandum dated February 16, 2018, the Government notified Florida that the food services contract was being terminated for the "Government's convenience" no later than March 31, 2018, unless otherwise coordinated. Exhibit A.

21. On information and belief, the number of meals served in Building 3410 will be greatly reduced, and most of the meals will now be provided by a Conference Center Restaurant and Mess America Food Truck Operation located on Camp Blanding. These other vendors are not blind vendors under the Randolph-Sheppard program and Florida was not given an opportunity after notice of the termination of its Contract to compete for the new dining facility arrangements at Camp Blanding.

22. The Government has not justified the necessity to eliminate this Randolph-Sheppard vending opportunity for its convenience to the Secretary of Education as required by the Act. As such, it is a violation of the Act to so cavalierly destroy this economic opportunity for a blind manager.

23. On March 14, 2018, Florida submitted a demand for arbitration under the Act to the Acting Commission of the Rehabilitation Services Administration, United States Department of Education. Exhibit B.

### V. **FLORIDA IS ENTITLED TO INJUNCTIVE RELIEF BASED ON CLEAR AND PREJUDICIAL VIOLATIONS OF THE ACT**

24. The Government has unlawfully and unfairly eliminated the operation of a Randolph-Sheppard vending facility without a finding that such placement or operation would adversely affect the interests of the United States and without justifying this elimination in writing to the Secretary of Education who shall determine whether such limitation is justified.

Although the Act provides that the Secretary's determination shall be binding on the Government, the Government has completely ignored this requirement of the Act.

25. Florida has been provided no information that it was not providing good food service to the Government. Florida has been provided no explanation as to why the Government is ignoring the Randolph-Sheppard Act's purpose of enlarging economic opportunities for the blind. Florida has been provided no explanation why it is necessary to substitute other food service contractors to provide meals at Camp Blanding.

26. Florida and its manager will suffer significant and irreparable harm because they should be providing the food services at Camp Blanding until the Secretary of Education determines that their provision of those food services would adversely affect the interests of the United States.

27. Florida and its manager will be irreparably harmed should the Government proceed with the termination of this Randolph-Sheppard opportunity pending the outcome of the required arbitration. The food services contract at Camp Blanding represents the only salary/wages that Edward Spence receives. Edward Spence has no other food services contracts he is performing and thus this represents a significant portion of his income that would be lost should the Government continue with this termination. Florida also receives set-aside fees from the operation of this Contract. These set-aside fees help support the Randolph-Sheppard program with Florida not only for Edward Spence but for all other managers in the program.

28. When assessing irreparable injury, the relevant inquiry is whether the movant has an adequate remedy, in the absence of an injunction. In *Kentucky v. United States, ex rel. Hagel*, 759 F.3d 588, 579-98 (6th Cir. 2014), the Sixth Circuit noted sovereign immunity bars the arbitration panel (or a federal court) from granting damages in the event the Government is

found to have violated the Randolph-Sheppard Act. *Kentucky*, 759 F.3d at 599-600. This bar prevents Florida and Edward Spence from recovering losses where the Government is subsequently found to have improperly eliminated Randolph-Sheppard opportunity at Camp Blanding.

29. The Government has not followed the requirements of the Randolph-Sheppard Act and therefore cannot continue with its plan to eliminate the Randolph-Sheppard opportunity at Camp Blanding. The Government should therefore be enjoined from proceeding with any termination.

30. The Act and its implementing regulations provide that all grievances of State Licensing Agencies, including contesting a federal agency's failure to comply with the Act, are to be determined by arbitration. Florida has demanded arbitration, and in compliance with the Act, seeking a determination that the Government's actions in terminating this Randolph-Sheppard opportunity violates the Act.

## VI. **RELIEF REQUESTED**

31. Florida is entitled to injunctive relief enjoining the Government from proceeding with the termination while the arbitration is pending before the Department of Education.

32. Deciding whether to grant a Temporary Restraining Order and Preliminary Injunction requires the consideration of four factors:

    (1)    Plaintiff's likelihood of success on the merits;

    (2)    Whether Plaintiff may suffer irreparable harm absent the injunction;

    (3)    Whether granting the injunction will cause harm to others; and

    (4)    The impact of any injunction upon the public interest.

33. No single factor is dispositive. District Courts are to balance the four factors and not consider them prerequisites to the issuance of a Temporary Restraining Order or Preliminary Injunction.

34. Florida is likely to prevail on the merits because the Government has clearly not complied with the requirement to justify its elimination of this Randolph-Sheppard opportunity.

35. Florida and its manager will suffer irreparable harm that cannot be compensated in money damages if the Government is permitted to terminate this Randolph-Sheppard opportunity before the arbitration proceeding required by the Act is concluded.

36. Public policy favors economic stability and opportunities for the blind, matters not compensable by monetary damages.

37. Edward Spence, a licensed blind manager for whose benefit Congress passed the Act, will be deprived of his opportunity to have gainful employment during the time another contractor is permitted to provide dining facility services at Camp Blanding. In addition, sovereign immunity bars an award to Florida or Edward Spence for monetary damages for a violation of the Act. Therefore, Florida and its manager will have no recourse if they are not able to enjoin the Government from terminating this Randolph-Sheppard opportunity.

38. There will not be substantial harm to the Government or others during the time a Temporary Restraining Order and Preliminary Injunction is in effect. Florida and its manager can and will continue to provide all required full food services until such time as the arbitration concludes.

39. The impact on the public's interests is adverse only if a Temporary Restraining Order and Preliminary Injunction are not issued. During the time an injunction is in place, the immediate "public", that is, the Government, will continue to receive food services from Florida.

Benefits to the wider public will continue to be served during the time the Temporary Restraining Order and Preliminary Injunction are in effect, as the purpose of the Act to provide gainful employment for qualified blind vendors would continue to be fulfilled.

40. The only effect of granting a Temporary Restraining Order and Preliminary Injunction would be to preserve the status quo pending the outcome of the arbitration with the Government. Thus, all of the equities and other relevant factors weigh heavily in favor of granting the requested preliminary injunction. Florida and its manager have everything to lose if this relief is not granted, but the Government will lose nothing if an Injunction is granted.

41. For the foregoing reasons, Florida respectfully submits that no bond or security is necessary for a Temporary Restraining Order and Preliminary Injunction to issue and request that such requirement under Federal Rule of Civil Procedure 65(c) be waived

## VII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Florida prays that an expedited hearing be held on its request for a Temporary Restraining Order and Preliminary Injunction and that an Injunction be issued prohibiting the Government from terminating the Contract with Florida until such time as the arbitration proceeding required by the Act is concluded. Florida also requests such relief as this Court seems just and appropriate.

Respectfully submitted,

/s/ Jason Borntreger
Jason Borntreger
Florida Bar No. 101731
**FLORIDA DEPARTMENT OF EDUCATION**
Office of the General Counsel
325 W. Gaines Street
Tallahassee, FL 32399
(850) 245-0442
jason.borntreger@fldoe.com

And

/s/ Peter A. Nolan
Peter A. Nolan *(motion to appear pro hac vice forthcoming)*
Texas Bar No. 15062600
**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, TX 78701
(512) 370-2800
(512) 370-2850 (Fax)
pnolan@winstead.com

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

STATE OF FLORIDA §
§
COUNTY OF LEON §

I, William J Findley, of lawful age, being first duly sworn upon oath, depose, and state that I am the Bureau Chief/DBS for the Florida Department of Education, Division of Blind Services and that the information in the Verified Complaint for Injunctive Relief is true and correct.

Name: William J Findley
Title: Bureau Chief

SUBSCRIBED AND SWORN to before me this 28th day of March, 2018.

Notary Public

My Commission Expires:



Notary Public State of Florida
Kristine Azzato
My Commission GG 166198
Expires 12/06/2021