**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STATE OF FLORIDA, by and through the
Florida Department of Education,
Division of Blind Services,

      Plaintiff,

v.                                            Case No. 3:18-cv-422-J-34PDB

THE UNITED STATES OF AMERICA, by
and through the Honorable James N.
Mattis, Secretary of Defense, Mark T.
Esper, Secretary of the Army, and Brian
J. Williams, Contracting Officer, Florida
National Guard,

      Defendant.

## PRELIMINARY INJUNCTION

**THIS CAUSE** came before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2; Motion), as well as the Verified Complaint for Injunctive Relief (Doc. 1; Verified Complaint) both filed on March 29, 2018. In the Verified Complaint, Plaintiff, the State of Florida, by and through the Florida Department of Education, Division of Blind Services ("Florida"), seeks a temporary restraining order and preliminary injunction prohibiting Defendant, the United States of America, by and through the Honorable James N. Mattis, Secretary of Defense, the Honorable Mark T. Esper, Secretary of the Army, and Brian J. Williams, Contracting Officer, Florida National Guard (the "United States") from terminating the contract of a blind food service operator in violation of the Randolph-Sheppard Act, 20 U.S.C. § 107 et seq. (the "Act") until completion of a statutorily mandated arbitration. See generally Motion.

According to the Verified Complaint, pursuant to the Act, Defendant entered into Contract No. W911YN-15-D-0001 (the "Contract") with Florida, by which Florida's assigned blind vendor obtained the right to provide food services in Building 3410 at the Camp Blanding Joint Training Center ("Camp Blanding"). See generally Verified Complaint. Plaintiff further alleges that Defendant intends to eliminate the Randolph-Sheppard opportunity at Camp Blanding by terminating the Contract without obtaining the requisite authorization from the Secretary of the Department of Education. Id. at pp. 20-22, 29. As such, consistent with the grievance procedures set forth in the Act, Plaintiff submitted a demand for the statutorily mandated arbitration and seeks injunctive relief to maintain the status quo pending completion of that arbitration. Id. at pp. 23, 30-31; see also 20 US.C. § 107d-1(b).

By order dated March 30, 2018, the Court granted the Motion to the extent that it entered a Temporary Restraining Order (Doc. 3; TRO) in which the Court enjoined Defendant "from terminating the Contract prior to completion of any statutorily required arbitration proceedings." See TRO at p.4 ¶2. The Court also set a preliminary injunction hearing to be held on April 11, 2018, directed Defendant to respond to the request for a preliminary injunction by April 6, 2018, and gave Plaintiff an April 10, 2018, deadline to file a reply. Id. at pp.4-5 ¶¶3, 5.

As directed, on April 6, 2018, Defendant responded to the Motion by filing Defendants' [sic] Motion to Dismiss Plaintiff's Verified Complaint for Injunctive Relief and Response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum (Doc. 6; Motion to Dismiss). Defendant included a declaration from its contracting officer in support of its contention that Plaintiff's claims

were now moot and as such, the action should be dismissed. See Declaration of Brian J. Williams (Doc. 6-1; Declaration); Motion to Dismiss at 7. Also, at the Court's direction, see Endorsed Order (Doc. 8), on April 10, 2018, Plaintiff filed a response to Defendant's Motion to Dismiss, see Plaintiff's Response to Defendants' [sic] Motion to Dismiss Plaintiff's Verified Complaint for Injunctive Relief (Doc. 9; Response). Subsequent to the entry of the TRO, Defendant rescinded the memorandum in which it stated its intention to terminate the Contract, but nevertheless, effectively did so by ceasing to issue any Task Orders "which would create a contractual arrangement for food services [by the blind vendor] starting on April 1, 2018." See Declaration ¶12.

The Court held a hearing on April 11, 2018, see Clerk's Minutes (Doc. 13), and continued the hearing on April 12, 2018, see Clerk's Minutes (Doc. 14). Counsel for Plaintiff and Defendant were present at both hearings.[1] After hearing argument on April 11, 2018, the Court advised that it would permit Defense Counsel to submit additional evidence regarding the balance of harms at the April 12, 2018, hearing. However, Defense Counsel did not produce any additional evidence at that time. Further, at the Court's direction, Plaintiff filed a proposed preliminary injunction prior to the hearing on April 12, 2018. See Notice of Filing of Proposed Preliminary Injunction (Doc. 12).

Based on the materials before the Court, the applicable authority, and for the reasons stated during the hearings on April 11, 2018, and April 12, 2018,[2] the records of which are incorporated by reference, the Court finds that the Motion to Dismiss is due to

---

[1]  The Court permitted Peter A. Nolan to appear before the Court for purposes of the proceeding.

[2]  On April 12, 2018, Court Reporter Shannon M. Bishop filed a transcript of the April 12, 2018, hearing. See Continuation of Preliminary Injunction Hearing Before the Honorable Marcia Morales Howard United States District Judge (Doc. 15).

be denied, and that Plaintiff has met the high standard necessary under Rule 65 of the Federal Rules of Civil Procedure and Local Rule 4.06[3] to secure a preliminary injunction[4] against Defendant.[5]

Accordingly, it is hereby

**ORDERED:**

1. Defendants' [sic] Motion to Dismiss Plaintiff's Verified Complaint for Injunctive Relief and Response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum (Doc. 6) is **DENIED.**

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **GRANTED IN PART,** and **DENIED IN PART** as follows:

    A. Until resolution of the statutorily mandated arbitration initiated by Plaintiff, or a decision by the Secretary of the Department of Education that operation of the Randolph-Sheppard opportunity covered by the Contract would adversely affect the interests of the United States, Defendant, the

---

[3] See Rule 4.06, Local Rules, United States District Court, Middle District of Florida.

[4] It is within the Court's discretion to grant injunctive relief. See All Care Nursing Serv. v. Bethesda Memorial Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989). In order for a court to grant injunctive relief, a movant must show: (1) the movant has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the injunction does not issue; (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction will cause the opposing party;" and (4) that the proposed injunction would not be adverse to the public interest. Id.; Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1300 (11th Cir. 2001); Am. Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998). At this stage of the proceeding, the Court is persuaded that its jurisdiction to grant the limited relief requested here is properly invoked. See Kansas by and through Kansas Dep't for Children and Families v. SourceAmerica, 874 F.3d 1226, 1252 (10th Cir. 2017); Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 599-600 (6th Cir. 2014).

[5] As explained at the hearing on April 12, 2018, it would have been the preference of the Court to enter a reasoned written opinion when granting preliminary injunctive relief. However, the exigent circumstances caused by Defendant's cessation of the issuance of Task Orders by which it effectively terminated the Randolph-Sheppard opportunity of the authorized blind vendor necessitated immediate action to return the status quo sought to be maintained by the TRO, and avoid further irreparable harm. As such the Court enters this Preliminary Injunction and will later determine whether any further written opinion is warranted.

- 4 -

United States of America, by and through the Honorable James N. Mattis, Secretary of Defense, the Honorable Mark T. Esper, Secretary of the Army, and Brian J. Williams, Contracting Officer, Florida National Guard, its officers, agents, representatives, consultants, collaborators, and all those acting in concert with it who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from:

i. Preventing Plaintiff through its authorized blind vendor from providing all food services authorized under the Contract;

ii. Using any resource other than Plaintiff through its authorized blind vendor to fulfill the food service needs addressed in the Contract. That is, such services shall not be provided by any personnel other than Plaintiff's through its authorized blind vendor;

iii. Taking any action or steps that prohibit, limit, or interfere with Plaintiff completing the full food service opportunity contemplated under the Contract, including declining to issue Task Orders for food service operations while allowing any alternate source to provide food services which Plaintiff is contractually entitled to provide;

iv. Placing any limitation on the operation of the dining facility covered by the Contract; and

> v. Making any effort or taking any action to reduce or diminish the food services needed or provided by Plaintiff through its authorized blind vendor under the Contract.
>
> B. Defendant, the United States of America, by and through the Honorable James N. Mattis, Secretary of Defense, the Honorable Mark T. Esper, Secretary of the Army, and Brian J. Williams, Contracting Officer, Florida National Guard, its officers, agents, representatives, consultants, collaborators, and all those acting in concert with it who receive actual notice of this Preliminary Injunction by personal service or otherwise are ordered immediately to begin taking the steps necessary to fully reinstate the services of Plaintiff through its authorized blind vendor in accordance with the Contract, such that no later than the morning of **April 23, 2018**, Plaintiff, through its authorized blind vendor, is fully returned to its position as the provider of vending services at Camp Blanding under the Contract.
>
> C. Otherwise, the Motion is **DENIED.**

3. This case is now **STAYED,** and the Clerk of Court is directed to administratively close this case, pending completion of the arbitration proceeding required under the Randolph-Sheppard Act and entry of an arbitration award, at which time this Court's preliminary injunction will terminate by operation of law.

4. The parties are directed to file a status report with this Court on **July 16, 2018**, and every **90 days thereafter**, advising the Court of the status of the arbitration proceeding.

5. Defense counsel must immediately provide Defendant with a copy of this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of April, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc25
Copies to:
Counsel of Record